UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK CHODAKOWSKY,

                Plaintiff,

   -v-

MICHAEL J. ASTRUE, Commissioner of Social Security,[1]

                Defendant.

No. 06-CV-7668 (KMK)(PED)

ORDER ADOPTING REPORT & RECOMMENDATION

---

KENNETH M. KARAS, District Judge:

      Plaintiff Mark Chodakowsky ("Plaintiff") brings this action against the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. §§ 405(g), seeking judicial review of the decision of an administrative law judge ("ALJ") to deny Plaintiff's application for disability insurance benefits. Before this Court are the Parties' cross-motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). Judge Colleen McMahon, to whom this case was originally assigned, referred the motions to Magistrate Judge Mark D. Fox. On March 10, 2009, the motions were reassigned from Magistrate Judge Fox to Magistrate Judge Paul E. Davison, who issued a Report and Recommendation ("R&R") on April 21, 2009, recommending that this Court deny Plaintiff's motion for judgment on the pleadings, grant the Commissioner's cross-motion for judgment on the pleadings, and close the case.[2]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted for his predecessor, Jo Anne Barnhart, as Commissioner of Social Security.

[2] The case was reassigned to this Court on August 6, 2007.

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation. The objections must be "specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Where a party submits timely objections to a report and recommendation, the district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New Engl. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

Here, neither Party has filed objections to Magistrate Judge Davison's R&R. Thus, the Court has reviewed the R&R for clear error only.[3] Finding none, the Court adopts the R&R in its entirety.

The Court agrees with Judge Davison that Plaintiff received a full and fair hearing before

---

[3] For purposes of this Order, the Court adopts the thorough recitation of facts set forth by Magistrate Judge Davison (R&R 1-3) and assumes the Parties' familiarity therein.

the ALJ.  Plaintiff had previously agreed to have his hearing held via videoconference, a method commonly employed by the Commissioner.  *See, e.g.*, *Rodriguez v. Astrue*, No. 07-CV-3309, 2008 WL 2073508, at *1 (S.D.N.Y. May 14, 2008); *Torres v. Astrue*, 550 F. Supp. 2d 404, 407 (W.D.N.Y. 2008).  In addition, the Court agrees that it was not legal error for the ALJ not to credit Plaintiff's assertion that he is unable to work, in light of the contrary medical evidence in the record, as well as the daily activities that Plaintiff described he engaged in at his hearing.  *See* 20 C.F.R. § 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged."); *Pietrunti v. Director, Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997) ("As a fact-finder, the ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence."); *Garcia v. Astrue*, No. 07-CV-6658, 2009 WL 212405, at *7 (S.D.N.Y. Jan. 29, 2009) ("The ALJ had significant discretion to discount the credibility of Plaintiff's complaints in light of medical findings and other objective evidence.").  The Court also concurs with Judge Davison that the ALJ's decision was supported by substantial evidence in the record.  *Cf. Novak v. Astrue*, No. 07-CV-8435, 2008 WL 2882638, at *2 (S.D.N.Y. July 25, 2008) (noting that "[e]ven if there is also substantial evidence for the plaintiff's position, if substantial evidence exists to support the [ALJ]'s decision, the decision must be affirmed." (internal quotation marks omitted)).  Finally, the Court adopts Magistrate Judge Davison's conclusion that the ALJ met its burden in showing that "there is other work within the national economy that the [claimant] is qualified to perform," based on the ALJ's analysis of the statutory medical

vocational guidelines. *Peterson v. Barnhart*, 219 F. Supp. 2d 491, 493 (S.D.N.Y. 2002); *see also* 20 C.F.R. § 404.1520(a)(4)(v), §§ 404.1520(f)-(g) (noting that ALJ must show that there are other jobs existing based on the claimant's vocational factors, which include age, education, work experience, as well as the claimant's residual functional capacity); *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986) (noting that "[i]n the ordinary case," the Commissioner will satisfy his burden of proving residual functional capacity to perform alternative substantial gainful work "by resorting to the applicable medical vocational guidelines").

Accordingly, it is hereby

ORDERED that the Report and Recommendation dated April 21, 2009 is adopted in its entirety. It is further

ORDERED that the Commissioner's motion is GRANTED. It is further

ORDERED that Plaintiff's cross-motion for judgment on the pleadings is DENIED. It is further

ORDERED that the Clerk of Court is respectfully directed to terminate the pending motions (Dkt. Nos. 10 & 14) and close the case.

SO ORDERED.

Dated: August 13, 2009
       White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4

Service List (by ECF):

Carol S. Goldstein, Esq.
424 North Main St.
P.O. Box 525
Monroe, NY 10949
csg4ssd@yahoo.com
*Counsel for Plaintiff*

Susan D. Baird, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
susan.baird@usdoj.gov
*Counsel for the Commissioner*